**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE EDGARDO QUIROZ-CRUZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01335-DB** |
| | § | |
| **MARKWAYNE MULLIN,** *et al.*, | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered the above-captioned case. On May 11, 2026, Petitioner Jose Edgardo Quiroz-Cruz filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the El Paso Processing Center in El Paso, Texas in the Western District of Texas. *Id.* at 1. He argues his detention is unlawful and asks the Court to order a bond hearing or release. *Id.* at 11. On May 6, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 2.

Petitioner is from Honduras[1] and entered the United States in 2000. *Id.* at 2. On April 23, 2026, he was detained by immigration authorities while he was a passenger in a car driven by co-worker while they were both returning to Arlington, Texas from the work location in Midland, Texas. *Id.* at 6; ECF No. 3 at 4. To date, Respondents have not provided Petitioner with a bond or a bond hearing on the merits. ECF No. 1 at 2. Petitioner has been subject to mandatory detention under 8 U.S.C. § 1225(b) pursuant to Respondents new interpretation of the statute. *Id.* at 1-2. He

---

[1] The Court notes the Petition mentions Petitioner is from Mexico, however, immigration documents note Petitioner is from Honduras. The Court presumes the Petition contains a mistake. *See* ECF No. 1-2. Respondents confirm Petitioner is a native of Honduras. ECF No. 3 at 4.

argues Section 1225(b) as applied to him violates his Fifth Amendment procedural due process rights because he has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing to justify his detention. *Id.*

Petitioner's case is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention). In their response, ECF No. 3, filed on May 15, 2026, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 3 *with Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner is treated as though stopped at the border and entitled to only those rights afforded by statute); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting argument that petitioner's procedural due process claim is foreclosed by the Supreme Court decision *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)). The Court understands it is Respondents' right to preserve their arguments for appeal. However, for the

present purposes, they have made no new legal arguments nor distinguish the facts of this case. The same result is warranted in this case as in this Court's similar previous cases.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED** Petitioner Jose Edgardo Quiroz-Cruz's "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than May 21, 2026.**[2]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than May 25, 2026.**

---

[2] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. Nor does a hearing in which the Government is not held to its burden as outlined herein. In such event, release from custody is *required*.

**IT IS FURTHER ORDERED** that in the event Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than May 27, 2026.**

**SIGNED** this **18th** day of **May 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**